[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1677

PATRICIA SKODRAS,

Plaintiff, Appellant,

v.

JOHN J. CALLAHAN,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Timothy M. Boudewyns, U.S. Magistrate Judge]

Before

Stahl, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Donna M. Nesselbush and Green, Greenberg & Nesselbush on brief
for appellant.
Margaret E. Curran, United States Attorney, Michael P.
Iannotti, Assistant U.S. Attorney, and Wayne G. Lewis, Assistant
Regional Counsel, on brief for appellee.

March 25, 1999

Per Curiam. Claimant Patricia Skodras appeals from
a district court judgment affirming the decision of the
Commissioner of Social Security that she was not entitled to
disability benefits. We have carefully reviewed the record and
claimant's contentions on appeal and conclude that the judgment
must be affirmed essentially for the reasons stated in the
February 26, 1998 Memorandum and Order of the magistrate judge. 
We add only the following comments.
Claimant's arguments that the administrative law
judge (ALJ) ignored the opinions of her treating physicians and
instead relied on his own lay opinion in determining that she
was not disabled proceed on the assumption that to constitute
"substantial gainful activity" for the purpose of deciding
whether a claimant was disabled during a particular period,
work performed during that period must have been executed on a
full-time basis. However, the Social Security regulations
specifically state that "[y]our work may be substantial even if
it is done on a part-time basis or if you do less, get paid
less, or have less responsibility than when you worked before." 
20 C.F.R. 404.1572(a) (emphasis added). Claimant has not
adequately addressed this regulation.
Once it is established that part-time work may
constitute substantial gainful activity, it becomes obvious
that the ALJ, in fact, relied on claimant's treating
physician's opinions in making the determination that
claimant's impairment had not lasted for a continuous period of
not less than 12 months. See 42 U.S.C. 423(d)(1)(A). 
Specifically, the ALJ pointed to Dr. Shulman's opinion that as
of April 28, 1994, claimant was capable of performing part-time
work. Indeed, claimant herself, on April 28, had stated that
she was capable of returning to part-time work. Finally, there
was substantial evidence in the record to support the ALJ's
implicit conclusion that the part-time work claimant performed,
in fact, constituted substantial gainful activity. Claimant
therefore did not meet her burden of showing that she was not
engaged in substantial gainful activity during the time in
question. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). 
Further, Dr. Shulman, in January 1994, had opined
that claimant might be better off working. This opinion, of
course, implicitly assumes that claimant was well enough to
tolerate work. Finally, the RFC assessment completed in
December 1993 is compatible with the conclusion that claimant
could perform sedentary work as of that date. Thus, there is
evidence, that even prior to May 1994, claimant had the
capacity to resume her former job on at least a part-time
basis. That Dr. Dec might have disagreed with these
assessments is not dispositive since conflicts in the evidence
are for the Commissioner, not the courts. See Rodriguez v.
Secretary of Health and Human Services, 647 F.2d 218, 222 (1stCir. 1981).
The judgment of the district court is affirmed. SeeLocal Rule 27.1.